*351
 
 HeNUEusoN, Judge,
 

 delivered the opinion of the Court. Murder is a homicide committed with malice aforethought. Manslaughter, as far as this case renders a dc-scription necessary, is homicide committed under the influence of sudden passion, for the law pays sucli regard to human frailty, as not to put a hasty and a deliberate act on the same footing, with regard to guilt: so also if a man be greatly provoked as by pulling Ins nose, or other great indignity, and he
 
 immediately
 
 kills the aggressor, this is manslaughter, and not murder. Manslaughter, therefore, on a sudden provocation, differs from excusable homicide,
 
 se defendeiulo
 
 in this, that in the one case there is an apparent necessity for self-preservation to kill the aggressor, in the other, no necessity at all, being only a sudden act of revenge, and this is manslaughter. Place the wife and the prisoner in the same grade, as to the commencement of the quarrel and affray, (and she certainly commenced it, and by her rudeness forfeited the protection due to her sex) and had she died of the blow, the prisoner would have been guilty of manslaughter, and not murder. The husband then places himself in her situation, and commenced an attack on the prisoner, aided by Dunn
 
 ;
 
 the prisoner retreats, and tells them to stand off, having the gun in his hands from the first; they approached so near as to get hold of the muzzle of the gun, and the prisoner discharges it and inflicts the mortal wound. If the foregoing definitions of murder and manslaughter be right, and they are taken from Justice
 
 Blackstonefs Commentaries^
 
 {and I think there cannot be a doubt of their cor this is a killing upon a sudden quarrel, an great bodily harm
 
 ;
 
 for if we arc to take the acts as dence of the intent, the conduct of the decciMdfCihd Dunn shew their object to have been to chastise ftnd be the prisoner, and he was not bound to submit toV,v?h¡T ping — he was (to use an expression of
 
 Bemlle)
 
 in al .of legal provocation, which did not justify or excuse the
 
 *352
 
 act, but on account of human frailty extenuated the lio* t° manslaughter. There is but one possible view by which the transaction can be made to be murder, it is thig . the prisoner had inflicted an apparently dangerous wound, it was the duty of those present to arrest him, and it was his duty’to submit if required to do so ; if this had been the intent of the deceased and Dunn, and they had so declared it, and acted in such a manner as to cause it to be believed, and to avoid the arrest and not a beating, the mortal wound had been inflicted, it would have been murder and not manslaughter *, hut it was not put in this manner by the presiding Judge. The Jury were told, that the evidence, if believed, proved the offence of murder, without any regard to the question, What was the object of the deceased and Dunn in pressing on the prisoner ? and what from their conduct, would a person placed in the prisoner’s situation, conclude to be their motives ? I think the Jury was improperly instructed, and tiiat there should be a new trial.